UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED

AUG 0 2 2012

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

|  |  |  |
|---|---|---|
| MAHDI HAKIM, | * | CIV 12-4134 |
|  | * | CR 05-40025 |
| Movant, | * |  |
|  | * |  |
| -vs- | * | MEMORANDUM OPINION |
|  | * | AND ORDER |
| UNITED STATES OF AMERICA, | * |  |
|  | * |  |
| Respondent. | * |  |
|  | * |  |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Mahdi Hakim ("Hakim") has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the following reasons the motion will be dismissed.

## BACKGROUND

On March 17, 2005, Hakim was indicted for conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Hakim was arraigned and entered a plea of not guilty on June 6, 2006. A jury trial commenced on August 15, 2006. On August 16, 2006, the jury found Hakim guilty of conspiracy to distribute or possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base.

Sentencing occurred on November 7, 2006. Hakim's offense level was 37. With a criminal history category of VI, the sentencing guideline range was 360 months to life. The statutory mandatory minimum was a life sentence under the version of 21 U.S.C. § 841(b)(1)(A) in effect at the time of sentencing because of Hakim's two prior felony drug convictions. *See* 21 U.S.C. § 851(a)(1). The Court sentenced Hakim to life imprisonment.

Hakim appealed his conviction to the Eight Circuit, claiming there was insufficient evidence to convict him. The Eighth Circuit affirmed the conviction. *United States v. Hakim*, 491 F.3d 843 (8th Cir. 2007).

On June 23, 2008, Hakim filed his first motion to vacate his conviction pursuant to 28 U.S.C. § 2255. He claimed that the testimony of the central witness, Ronnie Shaw, was not sufficient to prove a conspiracy, that his trial counsel was ineffective for failing to challenge his prior convictions, and that his due process rights were violated. After the parties briefed all of the issues, the § 2255 motion was denied and a certificate of appealability was not issued.

On July 16, 2012, Hakim filed the pending motion to vacate his conviction pursuant to 28 U.S.C. § 2255, arguing that he is actually innocent and that his conviction must be vacated under the recent United States Supreme Court decision in *DePierre v. United States*, - - -U.S. - - - , 131 S.Ct. 2225 (2011). In *DePierre*, the Supreme Court held that the term "cocaine base," as used in 21 U.S.C. § 841(b)(1), refers to not just crack cocaine, but any cocaine in its chemically basic form. 131 S.Ct. at 2227–28.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. Rule 4(b) of the Rules on Motion Attacking Sentence Under Section 2255 requires the Court to conduct a preliminary examination of the motion and to dismiss it if it plainly appears from the motion and prior proceedings that the movant is entitled to no relief. The Court's initial screening of Hakim's petition indicates that it must be dismissed as a second or successive petition. Furthermore, it is untimely because it was not filed within one year of the Supreme Court's

2

*DePierre* decision, which Hakim contends initially recognized the right he asserts. Finally, there is no merit to Hakim's claim that *DePierre* "decriminalizes" his conduct.

## Second or Successive Petition

Before a second or successive application for § 2255 relief is filed in the district court, the appropriate court of appeals must issue an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin*, 518 U.S. 651 (1996); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir.2002) (per curiam). This authorization is required even when, as here, the motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Hakim has not obtained authorization from the Eighth Circuit to file a successive motion. Therefore, the motion to vacate must be dismissed or transferred to the Eighth Circuit. *See Boyd*, 304 F.3d at 814. The Court will dismiss rather than transfer Hakim's motion because it is untimely and it lacks merit.

## Untimely Motion

Under 28 U.S.C. § 2255(f)(3), the one-year statute of limitations does not begin to run until the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Hakim has not shown that *DePierre* is retroactive. Even assuming *DePierre* is retroactively applicable to cases on collateral review, Hakim's motion, filed on July 16, 2012, is untimely because he did not file it within a year after the Supreme Court issued *DePierre* on June 9, 2011. *See Dodd v. United States*, 545 U.S. 353, 358-59 (2005) (when the Supreme Court has "newly recognized" a right, the one year limitation period begins on the date of the decision rather than the date that the decision became retroactively available to cases on collateral review).

The Eighth Circuit has held that the doctrine of equitable tolling applies to 28 U.S.C. § 2255 motions. *See United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). This equitable doctrine only applies, however, "where 'extraordinary circumstances' beyond a prisoner's control prevent

3

timely filing." *Id.* at 1093. The extraordinary circumstances cannot be attributable to the petitioner. *Byers v. United States*, 561 F.3d 832, 836 (8th Cir.2009). "[T]he petitioner must also demonstrate he acted with due diligence in pursuing his petition." *Id.* (quoting *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006)). Hakim asserts that "he has been held in disciplinary confinement without meaningful access to legal material while being denied access to the court." Hakim refers to an Inmate Disciplinary Record attached to his motion as Exhibit 1. Exhibit 1 shows that Hakim was disciplined for an incident which occurred on March 11, 2012. The hearing date was March 13, 2012. Other than showing Hakim lost his job for six months, it is not clear to the Court from the disciplinary record how Hakim otherwise was disciplined and why he would not have had access to legal material or access to the court. It is clear, however, that the *DePierre* opinion was issued on June 9, 2011, nine months before Hakim was disciplined on March 13, 2012. He does not explain how he acted in due diligence to pursue his petition during that nine-month time period from June 9, 2011 to March 13, 2012.[1] Hakim's assertion is not sufficient to toll the one-year statute of limitations. *See, e.g., Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003) (rejecting claim of equitable tolling supported in part by allegation that inadequate access to prison law library made it impossible to file petition on time); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.").

## Merits

Furthermore, Hakim's claim has no merit. Hakim asserts that *DePierre* has "altered the class of persons that the law punishes" and, when applied to his case, means that he cannot be punished under 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(A). The Supreme Court decision in *DePierre* does not support Hakim's claim. In *DePierre*, the Supreme Court held that the term "cocaine base" found in 21 U.S.C. § 841(b)(1) means "the chemically basic form of cocaine." *Id.* at 2237. DePierre was charged under a former version of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) with distributing more

---

[1]The Court notes that, in his first habeas case (CIV 08-4097), Hakim filed a motion on July 21, 2011, and a motion to reopen pursuant to Rule 60(b) on September 12, 2011, both citing legal authority.

than 50 grams of cocaine base. He asked the district court for a jury instruction that, in order to find him guilty of distribution of cocaine base, the jury must find that the offense involved "the form of cocaine base known as crack cocaine." *Id.* at 2231. The First Circuit affirmed the district court's refusal to give the requested instruction, holding that cocaine base in the statute referred to all forms of cocaine base, "including but not limited to crack cocaine." *Id.* at 2231 (quoting *United States v. DePierre*, 559 F.3d 25, 30–31 (1st Cir. 2010)). The Supreme Court also affirmed, and held that the statute reached all forms of cocaine in its base form, including crack cocaine, free base, and coca paste. *DePierre*, 131 S.Ct. at 2231–2232.

Here, the indictment against Hakim alleged that he conspired to distribute and possess with intent to distribute a mixture and substance "containing cocaine base (commonly referred to as crack cocaine)." The evidence showed that Hakim's offense involved crack cocaine. The Verdict Form reflects that Hakim was convicted of conspiracy to possess with intent to distribute cocaine base "as charged in the Indictment." Hakim has not shown that *DePierre* demonstrates he is actually innocent of conspiracy to distribute cocaine base. *DePierre* merely defines the term "cocaine base." *DePierre*, 131 S.Ct. at 2231–32.

For all of these reasons the Court finds that Hakim's motion must be dismisssed.

Evidentiary Hearing and Certificate of Appealability

If the motion, files and records of the case conclusively establish that the petitioner is not entitled to relief, the Court is not required to conduct an evidentiary hearing. *See Garcia v. United States*, 697 F.3d 1013, 1014 (8th Cir. 2012). There is no need for an evidentiary hearing in this case because it is clear from the record that the motion is a second or successive, it is time-barred, and Hakim has not raised a claim cognizable under 28 U.S.C. § 2255.

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A

5

"substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Hakim has not made a substantial showing of the denial of a constitutional right. Accordingly,

     IT IS ORDERED:

(1)    That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, doc. 1, is dismissed.

(2)    That a Certificate of Appealability shall not issue on the claim raised in the § 2255 motion.

Dated this 2nd day of August, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Colleen Schulte
(SEAL)       DEPUTY